United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lazaro Miguel Chirino, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-22204-Civ-Scola |
| Select Portfolio Servicing, Inc., | ) |
| Defendant. | ) |

### Order Granting Motion to Dismiss

Plaintiff Lazaro Miguel Chirino complains Defendant Select Portfolio Servicing, Inc. violated the Real Estate Settlement Procedures Act by failing to comply with implementing regulation 12 C.F.R. § 1024. (Compl., ECF No. 1.) Specifically, Chirino maintains Select Portfolio violated 12 C.F.R. § 1024.41(g) which provides, as relevant here, "if a borrower submits a complete loss mitigation application . . . a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale." Select Portfolio has filed a motion to dismiss (ECF No. 10) but Chirino has not responded and the time to do so has long since passed. Not only is the complaint due to be dismissed on the merits, but it may be dismissed by default as well. Accordingly, the Court **grants** Select Portfolio's motion (**ECF No. 10**).

1. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2))

(internal punctuation omitted). A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[f]or all motions . . . each party opposing a motion shall serve an opposing memorandum of law no later than fourteen . . . days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1 (c).

### 2. Discussion

In order to succeed on a claim for a violation of 12 C.F.R. § 1024.41(g), a plaintiff must plead he submitted a completed loss mitigation application and the defendant "move[d] for foreclosure judgment or order of sale, or conduct[ed] a foreclosure sale." *Landau v. RoundPoint Mortgage Servicing Corp.*, 925 F.3d 1365, 1370 (11th Cir. 2019) ("Section 1024.41(g) prohibits three things: motions for foreclosure judgment, motions for orders of sale, and foreclosure sales themselves.") Chirino has not alleged anywhere in his complaint that Select Portfolio did any of these things after receiving his complete loss mitigation application. Instead, Chirino alleges only that the bank prosecuting his foreclosure case filed witness and exhibit lists; and that Select Portfolio sent him mortgage statements and threatening letters. None of these allegations amount to violations § 1024.41(g) and thus Chirino has failed to articulate any facts showing that he is entitled to relief under § 1024.41(g).

Additionally, Select Portfolio filed its motion to dismiss on August 16, 2019. Chirino failed to oppose the motion and his response was due on August 30, 2019. This failure alone, under Local Rule 7.1(c), is sufficient grounds for the Court to grant the motion to dismiss.

### 3. Conclusion

Accordingly, on both bases, the Court **grants** Select Portfolio's motion (**ECF No. 10**) and **dismisses this case without prejudice**. All pending motions, if any, are **denied as moot**. The Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida, on September 26, 2019.

_____
Robert N. Scola, Jr.
United States District Judge